# Exhibit A

# Arnold & Porter

**Joseph Farris**
+415.471.3454 Direct
Joseph.Farris@arnoldporter.com

May 2, 2025

VIA PRIORITY MAIL AND E-MAIL (NICK@COULSONPC.COM)

Nicholas A. Coulson
Coulson P.C.
300 River Place Dr., Suite 1700
Detroit, MI 48207
(313) 644-2685

      Re:    *Adobe Customer Claims*

Dear Mr. Coulson:

Arnold & Porter is legal counsel for Adobe Inc. ("Adobe"). I write concerning the 10,926 Notices of Claim that your firm sent via a thumb drive on behalf of individuals that you purport to represent ("Claimants").

The Adobe Terms of Use ("Terms of Use") require customers to provide a Notice of Claim to Adobe and to engage in an Informal Dispute Resolution Process before initiating legal action. Adobe values its customer relationships, which frequently last for many years, and has found that the vast majority of customer issues can be resolved to the satisfaction of the customer by communication with its Customer Care team. Where efforts to resolve issues by contacting Customer Care are unsuccessful, the Terms of Use set forth additional requirements of the Informal Dispute Resolution Process in Section 14.1, which provide, in part:

> If you have any concern or dispute that Adobe Customer Care is unable to resolve ("Claim"), you agree to first try to resolve the dispute informally and in good faith by contacting us and providing a written Notice of Claim to the address provided in section 18.2 (Notice to Adobe). The Notice of Claim must provide Adobe with fair notice of your identity, a description of the nature and basis of your Claim, and the relief you are seeking, including the specific amount of any monetary relief you are seeking, and cannot be combined with a Notice of Claim for other individuals.

The purpose of this provision is to require fair notice of each customer's individualized claim to enable a meaningful opportunity to evaluate and resolve the claim before any dispute goes to arbitration or small claims court.

The notices that your firm provided via thumb drive do not comply with Section 14.1. First, to the extent any letter could be construed as a "Notice of Claim," it was at least improperly "combined with a Notice of Claim for other individuals," *i.e.*, the other several thousand letters

---

# Arnold&Porter

Nicholas A. Coulson
May 2, 2025
Page 2

delivered together on a single thumb drive.  Further, as far as Adobe can discern from a limited sampling of 20 letters, the letters appear to be cut-and-pastes of each other, which position thousands of persons as if their circumstances and claims are identical.  Each claimant purports to have "incurred damages through Adobe's surreptitious imposition of an 'Early Termination Fee'" but provides no further detail regarding their claim.  Claimants do not, for example, provide any information regarding how they were deceived or why Adobe's alleged imposition of Early Termination Fees was "surreptitious."  Indeed, the Notice of Claims provided by Claimants contain no personalized information at all regarding Claimants' user experiences.  They therefore do not provide "a description of the nature and basis of [the] Claim," as required by Adobe's Informal Dispute Resolution Process.

All claimants in the sample that Adobe reviewed also seek the same $1,000 in monetary relief, but do not explain how this damages figure was calculated, why it is the same for every person, or how much of this total is attributable to "attorneys' fees and cost incurred in prosecuting the Claims."  That all Claimants somehow suffered the same damages is also implausible given that Mr. Coulson's cover letter acknowledges that the Claimants are apparently differently situated.  *See* Coulson Letter (Apr. 2, 2025) at 2 (stating that customers "either (1) were charged an early termination fee that had not been sufficiently disclosed at the time of subscription; (2) were dissuaded from cancelling their subscription because of the threat of the ETF; or (3) were affirmatively prevented by Adobe from cancelling a subscription").  This one-size-fits-all template does not provide the required notice of the facts giving rise to the claims.

Moreover, based on this sampling of the letters, Adobe has serious concerns about the extent to which these letters are based on false and/or frivolous allegations.  For example, of the 20 letters in its random sample, Adobe has ***no record of any user*** associated with the email address *sean.mcsherry@mail.citytech.cu* (Claimant Sean McSherry), despite that individual claiming he "was a subscriber."  Adobe also has ***no record that any paying customer*** was ever associated with the following five email addresses:

- *aa.camp.ron.bell@gmail.com* (Claimant Aaron Campbell)
- *judybrevell@gmail.com* (Claimant Judith Brevell)
- *cerreta.kelly1980@gmail.com* (Claimant Kelly Cerreta)
- *bocadequadra@gmail.com* (Claimant Kelly Nyberg)
- *rhabu693@gmail.com* (Claimant Ryan Habura)

In another instance, there is no record of another individual ever subscribing to a plan that could have been subject to an Early Termination Fee (*LeftsideReptiles@gmail.com*; Claimant Derek West).

# Arnold&Porter

Nicholas A. Coulson
May 2, 2025
Page 3

Adobe also has no record that two other individuals were ever charged an Early Termination Fee, despite representing in their letters that they "incurred damages through Adobe's surreptitious imposition of an 'Early Termination Fee'":

- *goddessdice@gmail.com* (Claimant Brittney Thompson)
- *yllek35@hotmail.com* (Claimant Kelly Phillips)

Therefore, in approximately half of the randomly-sampled cases, it appears facially implausible that Claimants were even charged an Early Termination Fee, which is information that should have been easily discovered with minimal diligence to validate these claims as non-fraudulent.

For all of these reasons, the letters not only fail to meet the requirements of the Information Dispute Resolution Process in the Terms of Use, but also appear to be in large part based on false information. If your intent is to assert non-frivolous claims on behalf of any Claimants that you legitimately represent and whose claims you have diligently investigated to verify that the accuracy of any factual allegations, you must first comply with the Informal Dispute Resolution Process and provide revised, individualized Notices for validated claims that are in compliance with the Terms of Use for each of your clients.

Finally, as you are aware, there is a pending lawsuit in federal court in California that purports to seek representation of a nationwide class of persons asserting claims against Adobe under, *inter alia*, California's Automatic Renewal Law. *See Singh v. Adobe Inc.*, No. 3:24-cv-03980 (N.D. Cal. Jul 01, 2024). Given your affirmation of the Terms of Use on behalf of your clients (which include a Class Action Waiver) and your stated intent to pursue relief through the procedures outlined in the Terms of Use (unlike Mr. Singh and the putative class he seeks to represent), we understand that your clients have been informed of the consequences of these actions with respect to their waiver as to any participation in any such class of persons, were any class to be certified.

Sincerely,

Joe Farris