Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
Jeremy T. Kamras (No. 237377)
jeremy.kamras@arnoldporter.com
Joseph Farris (No. 263405)
joseph.farris@arnoldporter.com
Tommy Huynh (No. 306222)
tommy.huynh@arnoldporter.com
Mark E. Raftrey (No. 352610)
mark.raftrey@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   415-471-3100
Facsimile:    415-471-3400

*Counsel for Defendant
Adobe Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHANIE WOHLFIEL and VIANCA MARQUEZ,<br><br>                    *Plaintiffs*,<br><br>    v.<br><br>ADOBE INC.,<br><br>                    *Defendant*. | Case No. 5:25-cv-6562-NC<br><br>**DEFENDANT ADOBE INC.'S SUPPLEMENTAL BRIEFING RE: ARBITRATION**<br><br>Assigned to: Hon. Nathanael M. Cousins |

**DEFENDANT'S SUPPLEMENTAL BRIEFING RE: ARBITRATION**
Case No. 5:25-cv-6562

## I.   INTRODUCTION

In its February 18th order, the Court asked the parties to submit supplemental briefing "discussing whether the Court should assess (1) Defendant's remaining motion to dismiss arguments," and "(2) Plaintiffs' pending motion for corrective action at ECF 21, should the Court find that Plaintiffs' challenges to the dispute resolution provision and its delegation provision are for an arbitrator." ECF 43. As explained below, the answer to both questions is no.

## II.   ARGUMENT

### A.   The Court Need Not Assess Adobe's Remaining Motion To Dismiss Arguments

Plaintiffs' failure to comply with conditions precedent is a threshold issue which, standing alone, warrants dismissal of all of Plaintiffs' claims. If the Court finds that Plaintiffs' challenges to the dispute resolution provision and its delegation clause are not properly brought in this Court, it should dismiss Plaintiffs' claims until any such challenges are heard in the agreed-upon forum.

When a court assesses a defendant's motion to dismiss and finds against the plaintiff on a dispositive issue, it need not assess the defendant's other arguments. *See, e.g.*, *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1080 (N.D. Cal. 2017) ("The [defendants] move to dismiss the UCL claim, in part, for lack of Article III standing. Because this is a threshold issue, and because the Court finds it dispositive, it does not reach the [defendants'] alternative arguments."); *Dravaleva v. McDonough*, 2022 WL 15173679, at *6-7 (N.D. Cal. Oct. 26, 2022) ("Because the Court finds the res judicata issue dispositive, the Court does not reach Defendants' alternative arguments" and "terminates all pending motions as moot").

Failure to comply with a condition precedent to filing suit is a dispositive issue. *Lipeles v. United Airlines*, 2024 WL 891792, at *3 (C.D. Cal. Jan. 9, 2024); *see also Brosnan v. Dry Cleaning Station Inc.*, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008) ("Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal.").

All of Plaintiffs' claims were subject to conditions precedent. Under the applicable Terms of Use ("TOU"), a customer with "***any*** concern or dispute that Adobe Customer Care is unable to

- 1 -
**DEFENDANT'S SUPPLEMENTAL BRIEFING RE: ARBITRATION**
Case No. 5:25-cv-6562

resolve" must first try to resolve the dispute informally, and "***any*** resulting legal actions must be resolved through either small claims court or final and binding arbitration." ECF 8-1 at § 14.1 (emphasis added). Therefore, if the Court finds that Plaintiffs failed to comply with the conditions precedent, it should dismiss all of Plaintiffs' claims.

### B.      The Court Need Not Assess Plaintiffs' Motion For Corrective Action

The Court need not address Plaintiffs' motion for corrective action because it has no bearing on the dispositive issue of whether Plaintiffs complied with the conditions precedent to filing suit. In their motion, Plaintiffs requested that the Court (1) find the "Post-filing TOU (dated Oct. 3, 2025) promulgated by Adobe to be null and void and unenforceable as to Plaintiffs and the putative class members;" and (2) require that Adobe obtain prior approval from the Court before "promulgating any new communication that could impact putative class members' rights in this case." ECF 21 at 16-17.

Request (1) is irrelevant to Plaintiffs' compliance or noncompliance with the conditions precedent because the conditions precedent were the same in all relevant respects before and after the October 2025 change in Adobe's TOU. *Compare* ECF 8-1 at § 14.1 *with* ECF 19-5 at § 14.1 (changing only the number of days allotted for the informal dispute resolution period from 60 to 30, but that change is immaterial because Plaintiffs failed to comply with the notice requirements at any time, *see* ECF 7 at 10-11; ECF 20 at 6-7).

Request (2) is also irrelevant because, if the Court finds that Plaintiffs failed to comply with the conditions precedent, and/or that challenges to the conditions precedent are not properly addressed by the Court, it should dismiss all of Plaintiffs' claims. In that event, there will be no putative class, and no way for Adobe to make any communication that could impact putative class members' rights "in this case." *See* ECF 21 at 1-2. Therefore, the Court also does not need to assess this issue.

Since none of the relief requested in Plaintiffs' motion for corrective action is relevant to whether Plaintiffs complied with the conditions precedent, the Court need not assess Plaintiffs' motion.

**C.     Both Parties Retain The Right To Elect To Proceed In Small Claims Court**

The TOU provide that:

> If either party files a Claim in arbitration that could have been brought in small claims court, the other party may provide notice that it wants the case decided in small claims court before the appointment of an arbitrator, and the arbitrator shall administratively close the case before assessing any fees, and the party bringing the Claim must proceed in small claims court in lieu of arbitration.

ECF 8-1 at § 14.5. Therefore, the Court should not direct that the delegated issue be heard *exclusively* by an arbitrator, *see* ECF 43, because either party may elect to proceed in small claims court.

Plaintiffs may argue in their supplemental brief that a small claims court lacks jurisdiction to hear its claims and, therefore, they will be denied a forum for their claims if this Court does not address them. That argument is meritless. Under the TOU, "[a]ny dispute about whether a Claim qualifies for small claims court shall be resolved by that court, not by an arbitrator." *Id.* § 14.5. If a small claims court were to determine that it lacks jurisdiction, then Plaintiffs' challenges to the delegation clause would be heard in arbitration. Either way, Plaintiffs will have a forum to hear their claims. They simply have to follow the TOU procedures—all designed to resolve disputes quickly and with minimum delay and expense—to which they agreed.

**III.    CONCLUSION**

For the reasons stated, should the Court find that Plaintiffs' challenges to the dispute resolution provision and its delegation provision are not properly before this Court, it should not assess Defendant's remaining motion to dismiss arguments or Plaintiffs' pending motion for corrective action.

Dated:  February 25, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ Jeremy T. Kamras
Douglas A. Winthrop
Jeremy T. Kamras
Joseph Farris
Tommy Huynh
Mark E. Raftrey

*Counsel for Defendant Adobe Inc.*