Nicholas A. Coulson, Esq. (SBN 358903)
nick@coulsonpc.com
Ellyn Gendler, Esq. (SBN 305604)
egendler@coulsonpc.com
**COULSON P.C.**
300 River Place Drive
Suite 1700
Detroit, Michigan 48207
T: (313) 644-2685

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE WOHLFIEL and VIANCA MARQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADOBE INC.,<br><br>Defendant. | Case No. 5:25-cv-06562-NC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S FEBRUARY 18, 2026 ORDER**<br><br>Assigned to: Hon. Nathaneal M. Cousins |

**INTRODUCTION**

The Court's February 18, 2026, Order for Supplemental Briefing Re: Arbitration ("Order") ordered the parties to address whether, if the Court "find[s] that Plaintiffs' challenges to the dispute resolution provision and its delegation provision are for an arbitrator," "the Court should assess (1) Defendant's remaining Motion to Dismiss arguments," or "(2) Plaintiffs' pending Motion for Corrective Action at ECF 21." (ECF 43). Defendant responded "no" to both of the Court's questions. (ECF 44). To the contrary, the Court *must* assess both Defendant's remaining dismissal arguments and Plaintiffs' Motion for Corrective Action.

First, and with deference to the Court's directive, Plaintiffs must note that *Defendant admits that Plaintiffs' challenges to the delegation provision must be decided by the Court, rather than any arbitrator*.[1] This in recognition of the fact that even "[w]hen a delegation provision exists, a court must first inquire whether the delegation provision is itself unconscionable." *Penn v. Experian Info. Sol., Inc.*, No. EDCV 24-02372-SRM (DTBx), 2025 LX 35132, at *4-5 (C.D. Cal. May 6, 2025) (citing *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021)). Plaintiffs explained why the delegation provision was specifically[2] unconscionable—the costs they would incur just to reach resolution of the delegated issues are excessive and prohibitive.[3] This cost barrier is precisely what courts have found renders a delegation provision unconscionable.[4]

---

[1] (ECF 20 at 7 ("The TOU delegate to an arbitrator disputes relating to the enforceability of the TOU, including their purported unconscionability…Therefore Plaintiffs are restricted to challenging the unconscionability of the delegation provision itself.")).

[2] "While a party may use the same argument to challenge the delegation provision and arbitration agreement, the party must 'articulate why the argument invalidates each specific provision.' … the party opposing arbitration [] bears the burden of challenging the delegation provision's validity." *Id.* (citing *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023)).

[3] (ECF 18 at 19:12-17 ("Section 14.2, which dictates the division of arbitration fees and costs, effectively strips consumers of a meaningful mechanism for redress in arbitration by making it prohibitively expensive to challenge Adobe's conduct in a collective manner… *before a consumer can even receive a determination regarding the threshold matters of arbitrability Adobe purports to delegate to the arbitrator*.") (emphasis added)).

[4] *See Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1002-03 (9th Cir. 2021) ("the delegation clause was so 'prohibitively costly' that it deprived [the plaintiff] of any proceeding to vindicate his rights. These findings are supported by the record and demonstrate substantive unconscionability."); *Reyes v. Hearst Communs., Inc.*, No. 21-16542, 2022 U.S. App. LEXIS 17253, at *4 (9th Cir. June 22, 2022);

Just as importantly, Defendant has not moved to compel arbitration, such that no consideration of arbitrability (or delegation thereof) is before the Court. This is almost certainly a calculation based on Defendant's recognition that neither the delegation clause nor the DRP could withstand an unconscionability analysis. As a result, even if this Court concludes that the terms of Defendant's arbitration provision would otherwise dictate sending challenges to the DRP and its delegation provision to an arbitrator, the Court may not enforce those terms because *sua sponte* enforcement of arbitration agreements is impermissible.

Finally, because Defendant placed its DRP at issue by relying on it in its Motion to Dismiss, the Court cannot resolve the motion without addressing the challenges to the DRP. If the DRP's conditions precedent are properly before the Court (and they are), so too must be Plaintiffs' challenges to the DRP. Defendant made a strategic litigation decision not to move to compel arbitration here. That decision squarely removes any possibility of giving effect to Defendant's arbitration or delegation clauses. No decision can be left to an arbitrator under the circumstances. Accordingly, only the Court can resolve the remaining issues raised by the parties.

## ARGUMENT

**I. Even If The Court Concludes That Challenges to Defendant's Dispute Resolution Provision Are Arbitrable, It Cannot Effectuate an Arbitration Agreement Absent A Motion to Compel.**

The Court's Order asked whether the Court should address Defendant's Motion to Dismiss arguments and Plaintiffs' Motion for Corrective Action if it finds that Plaintiffs' challenges to Defendant's dispute resolution and delegation provisions are "for an arbitrator." As noted, caselaw mandates—and Defendant admits—that Plaintiffs' challenge to the delegation provision can only be decided by the Court. Still, the answer to each question is "yes" for one simple reason: Defendant has

---

*Mojica v. Kustom US Inc.*, No. 2:24-cv-03671-DAD-AC, 2025 LX 580421, at *7 (E.D. Cal. Dec. 19, 2025) ("Arbitration costs are [] impermissible where they are unique to the arbitration context such that they would not have arisen if the plaintiff's claims were brought in court."); *Osterhaus Pharmacy Inc. v. CVS Health Corp.*, No. CV-24-01539-PHX-JJT, 2024 U.S. Dist. LEXIS 206717, at *18 (D. Ariz. Nov. 13, 2024) (delegation clause unconscionable where arbitration "provisions collectively impose an unduly oppressive financial burden on Plaintiffs that effectively precludes them from vindicating their rights in any forum.") (applying Arizona law).

not moved to compel arbitration, and the court may not *sua sponte* send the dispute to arbitration or otherwise give effect to the arbitration agreement.

"Courts do not enforce private agreements [] which they are not requested to enforce." *Wren v. Sletten Construction Co.*, 654 F.2d 529, 537 (9th Cir. 1981). Indeed, when presented with similar circumstances as here, a court in this District concluded that it could not "*sua sponte*, order parties to arbitration." *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2006 U.S. Dist. LEXIS 88988, 2006 WL 3422198, at *13 (N.D. Cal. Nov. 28, 2006). Notwithstanding the presence of arbitrable issues, it could not compel the parties to arbitration "even if it would rather do so." *Id.*; see also *Kay v. Bd. of Educ. of Chicago*, 547 F.3d 736, 738 (7th Cir. 2008) ("[F]ederal judges must not invoke arbitration agreements on their own motion."). It therefore continued to exercise jurisdiction over all issues in the case.

Courts across the Ninth Circuit and elsewhere have reached similar or identical conclusions.[5] These cases reflect the FAA's imposition of conditions on the Court's authority to give an arbitration agreement effect.

> By its plain terms, [Section 4] *conditions a district court's authority to compel arbitration upon a showing* that a party has failed, neglected, or refused to arbitrate… A petition under § 4 is frequently brought as a response to the opposing party's attempt to initiate litigation in court or as a preemptive motion where the other party has expressed a failure, neglect, or refusal to arbitrate.

*Jones v. Starz Ent., LLC*, 129 F.4th 1176, 1181 (9th Cir. 2025) (emphasis added); *accord Health Freedom Def. Fund, Inc* 2024 U.S. Dist. LEXIS 118234 at *23-24 (refusing to effectuate arbitration agreement because Section 4 requires that an aggrieved party petition for relief).

---

[5] *See, e.g.*, *Genasys Inc. v. Vector Acoustics, Ltd. Liab. Co.*, No. 22-CV-152 TWR (BLM), 2023 U.S. Dist. LEXIS 117439, at *47 (S.D. Cal. July 7, 2023) (declining to order arbitration of claims defendant did not specifically move to compel to arbitration, citing *Wren* and *Beauperthuy*); *Health Freedom Def. Fund, Inc. v. US Freedom Flyers, Inc.*, No. 4:23-cv-00380-AKB, 2024 U.S. Dist. LEXIS 118234, at *23-24 (D. Idaho July 3, 2024) ("That [a claim] may be subject to arbitration… does not also mean it is subject to dismissal under Rule 12(b)(6)…[T]he Court declines to construe [defendant]'s Motion to Dismiss as a motion to compel arbitration.") (citations omitted); *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036(JS)(ETB), 2013 U.S. Dist. LEXIS 47033, at *7-9 (E.D.N.Y. Mar. 29, 2013) ("[T]he Court has no authority to *sua sponte* enforce an arbitration provision. Therefore, the Court will not be addressing the applicability of the arbitration provision here absent a formal motion to compel.") (citations omitted).

1    Here, Defendant has neither sought to compel arbitration[6] nor otherwise argued (much less proven) that it is aggrieved by failure, neglect, or refusal to arbitrate. Rather, in contravention of any potential right to do so, it has sought a total victory on the merits of this case by filing a Motion to Dismiss. (ECF 7); *Armstrong,* 59 F.4th at 1015. Therefore, not only has Defendant failed to give the Court occasion to consider effectuating the arbitration provisions in its DRP, it has plainly waived the right to do so in the future.

A party waives the right to compel arbitration where it has "knowledge of an existing right to compel arbitration" and takes "intentional acts inconsistent with that existing right." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023). And while the Ninth Circuit directs courts to apply a "holistic approach" to the test, the test simply asks "whether a party's actions 'indicate a conscious decision . . . to seek judicial judgment on the merits of the arbitrable claims," since doing so "would be inconsistent with a right to arbitrate." *Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019) (citation omitted). And "when defendants move for dismissal with prejudice on a key merits issue that would preclude relief as to one or more of plaintiffs' claims[,] they are seeking a ruling on the merits." *Id.* at 942 (citation omitted) (cleaned up).[7]

Defendant moved to dismiss every one of Plaintiffs' claims on the merits while not only knowing about, but affirmatively relying on, the DRP. (ECF 7). This attempt to secure a complete judicial victory on the merits is the most inconsistent action one can take with a right to arbitrate (which Defendant has never invoked), and is by itself (let alone in combination with failing to seek arbitration in the eight months since the case was filed) sufficient to establish waiver. *See FBC Mortg., LLC v. Skarg*, 699 F. Supp. 3d 837, 843 (N.D. Cal. 2023) ("Defendants waited eight months and affirmatively 'engaged in other litigation procedure' to try to dismiss two of FBC's

---

[6] Nor has Defendant sought to require the case to be brought in small claims court, rendering the third section of its Supplemental Brief irrelevant. (*See* ECF 44 at 4).

[7] *See also Banq, Inc. v. Purcell*, No. 23-15229, 2024 U.S. App. LEXIS 23203, at *3-5 (9th Cir. Sep. 12, 2024) (finding waiver and noting that "[a] motion to dismiss under Rule 12(b)(6) is generally considered 'a judgment on the merits.'") (citation omitted); *Hill v. Xerox Bus. Servs., Ltd. Liab. Co.*, 59 F.4th 457, 476 (9th Cir. 2023) ("a party seeking 'dismissal with prejudice on a key merits issue that would preclude relief as to one or more of plaintiffs' claims . . . is seeking a ruling on the merits.'") (citation omitted) (cleaned up).

claims on the merits. Defendants therefore took 'intentional acts inconsistent with their right to arbitrate.'") (citations omitted). Because neither party has sought to send the dispute to arbitration, even if this Court concludes that under Adobe's TOU, Plaintiffs' challenges to the DRP and its delegation provision might otherwise be arbitrable, the Court may not leave them up to an arbitrator. *Beauperthuy*, 2006 U.S. Dist. LEXIS 88988, at *13; *Wren*, 654 F.2d at 537.

Defendant's waiver and failure to seek arbitration are especially relevant given the position it now takes: that this Court should simultaneously (1) find that Plaintiffs failed to comply with the conditions precedent in the DRP; and (2) defer Plaintiffs' challenges to the DRP to an arbitrator. Such a result would be unprecedented— Defendant does not offer a single case from any jurisdiction in which a party has suffered dismissal as a result of a contractual provision it was not permitted to challenge in court. *Cf. Bentley v. Control Grp. Media Co.*, No. 19-CV-2437-DMS-RBB, 2020 U.S. Dist. LEXIS 118076, at *9 (S.D. Cal. July 6, 2020) (equity forbids "selective enforcement" of a contract, wherein a party would "benefit from the Terms of Use without being bound by the contract's provisions"). And these "sword and shield" rulings could not coexist because the text of the DRP purports to require that this *entire dispute*—not just interpretations of the Provision—must be heard by an arbitrator.[8] If Defendant's argument is properly before the Court, Plaintiffs' must be as well.

## CONCLUSION

Defendant strategically chose to invoke the DRP (thereby placing its validity at issue), but not to seek arbitration (as would have been necessary to reserve consideration of its validity for an arbitrator). Having failed to seek arbitration, it, asked the Court to resolve the case on its merits. As a result, whether the DRP purports to delegate any issues for an arbitrator is immaterial.

DATED: March 4, 2026

s/ Nicholas A. Coulson

---

[8] "any resulting legal actions must be resolved through either small claims court or final and binding arbitration, including any dispute about whether arbitration is required for the dispute, subject to the exceptions set forth below. . . . The arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of the Terms or formation of the Terms, including whether any dispute between us is subject to arbitration (i.e., the arbitrator will decide the arbitrability of any dispute) and whether all or any part of these Terms are void or voidable." (ECF 8-1 at 10).

Nicholas A. Coulson, Esq. (SBN 358903)
nick@coulsonpc.com
Ellyn Gendler, Esq. (SBN 305604)
egendler@coulsonpc.com
**COULSON P.C.**
300 River Place Drive
Suite 1700
Detroit, Michigan 48207
T: (313) 644-2685

*Counsel for Plaintiff and the Proposed Class*

PLAINTIFFS' SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S FEBRUARY 18, 2026 ORDER