UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANCA MARQUEZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ADOBE, INC.,<br><br>        Defendant. | Case No. 25-cv-06562-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING DEFENDANT'S MOTION TO STRIKE; AND DENYING PLAINTIFF'S MOTION FOR CORRECTIVE ACTION**<br><br>Re: ECF 7, 21 |

This class action case against Defendant Adobe Inc. brought by Plaintiffs Stephanie Wohlfiel and Vianca Marquez arises from Defendant's alleged unlawful and deceptive practices related to its subscription services. These subscription services are governed in part by Defendant's Terms of Use (TOU), which includes an arbitration provision with a delegation clause, pre-litigation requirements, and a class action waiver. Defendant moves to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), arguing that Plaintiffs did not comply with the requirements, lacked standing, and failed to sufficiently state a claim. Defendant also moves to strike Plaintiffs' class claims due to the class action waiver under Federal Rule of Civil Procedure 12(f). Plaintiffs then moved the Court to order corrective action for the class under Federal Rule of Civil Procedure 23(d).

As further explained below, the Court GRANTS Defendant's motion to dismiss with leave to amend because Plaintiffs did not sufficiently allege that they complied with the TOU's pre-litigation requirements.  Further, the Court DENIES without prejudice Defendant's motion to strike and Plaintiff's motion for corrective action because it finds both motions moot in light of its motion to dismiss ruling.

## I.    BACKGROUND

### A.    Factual Background

Plaintiffs' Complaint alleges the following facts:

Defendant, under its subscription models, provides access to its products and services through tiered subscription plans that automatically renew at the end of the subscription period.  ECF 1 (Compl.) ¶ 26.  One of these subscription plan options is called "Annual, billed monthly ('ABM')," which is an annual commitment that consumers pay for in monthly installments   *Id.* ¶¶ 27–28.

Consumers can purchase Defendant's products online at Adobe.com by selecting the desired product and completing a series of enrollment steps.  *Id.* ¶ 43.  At the beginning of the enrollment process, consumers are typically first shown the subscription options available for that product.  *Id.* ¶ 44.  Defendant intentionally obscures material terms of the ABM plan, including that the subscription is a one-year commitment and not a monthly plan, the existence of an early termination fee, the relationship of the early termination fee to the one-year contract, and the amount of the early termination fee.  *Id.* ¶ 39.

Example D in the Complaint shows the final checkout page.  *Id.* ¶ 59.  This page, under the payment methods, directly above the "Agree and subscribe" button, and in boldface, stated that customers "also agree to the Terms of Use" when they click the "Agree and subscribe" button.  *Id.*, Example D.  The Terms of Use (TOU) are in a blue hyperlink.  *Id.*

**Example D**

Section 14 of the August 1, 2022, TOU is titled "Dispute Resolution, Class Action Waiver, Arbitration Agreement" (Dispute Resolution Provision or DRP) and contains six subsections.  ECF 8-1 (TOU).[1]

Subsection 14.1, titled "Notice of Claim and Required Information Dispute Resolution Process," states:

> If you have any concern or dispute that Adobe Customer Care is unable to resolve ("Claim"), you agree to first try to resolve the dispute informally and in good faith by contacting us and providing a written Notice of Claim to the address you provided in section 18.2 (Notice to Adobe).  The Notice of Claim must provide Adobe with fair notice of your identity, a description of the nature and basis of your claim, and the relief you are seeking, including the specific amount of any monetary relief you are seeking, and cannot be combined with a Notice of Claim for other individuals.  If any dispute related to your Claim is not resolved within 60 days of receipt, any resulting legal actions must be resolved

---

[1] The TOU was not attached to Plaintiff's Complaint.  However, the Court takes judicial notice of the document.  The TOU is "not subjective to reasonable dispute," publicly available, a standard document capable of ready and accurate determination, and relevant to Plaintiff's claims.  *See Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015).  The Court takes judicial notice that the TOU exists but not whether it was a binding contract on Adobe and the Plaintiffs.  *See id.*

3

through either small claims court or final and binding arbitration, including any dispute about whether arbitration is required for the dispute, subject to the exceptions set forth below. Neither party shall initiate legal action until 60 days after the Notice of Claim is received. This agreement to arbitrate shall apply, without limitation, to all claims that arose or were asserted before the effective date of the Terms. The arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of the Terms or formation of the Terms, including whether any dispute between us is subject to arbitration (i.e., the arbitrator will decide the arbitrability of any dispute) and whether all or any part of these Terms are void or voidable. Claims related to the Terms, Services, or Software are permanently barred if not brought within one year of the event resulting in the Claim.

Subsection 14.2 of the TOU, titled "No Class Actions," states:

You may only resolve disputes with us on an individual basis, and you may not bring a claim as a plaintiff or a class member in a class, consolidated, or representative action. Nonetheless, if any portion of this class action waiver is deemed unenforceable or invalid as to a particular remedy, then that remedy (and only that remedy) must be severed from the arbitration and may be sought in court. The parties agree, however, that any adjudication of remedies not subject to arbitration shall be stayed pending the outcome of any arbitrable claims and remedies.

Subsection 14.3 of the TOU goes over the arbitration rules. Subsection 14.4 of the TOU outlines the exceptions to arbitration, which includes small claims and injunctive relief. It states that "either party may elect to have any Claim that is subject to the jurisdiction of small claims court decided in small claims court," and that "[a]ny dispute about whether a Claim qualifies for small claims court shall be resolved by that court, not an arbitrator." TOU, Subsection 14.4. It also states that "[i]f a party has a dispute in which they seek to obtain both preliminary injunctive relief and other forms of relief, the party may go to court to seek preliminary injunctive relief but must arbitrate its claims or seek relief in small claims court for all other forms of relief." *Id.*

Subsection 14.6 of the TOU, titled "Acceptance of Arbitration and Right to Opt Out," states:

Within the first thirty (30) days of your use of the Services and Software or the date of the last update to section 14 (Dispute Resolution, Class Action Waiver, Arbitration Agreement) of the Terms, whichever is later, you have the right to opt out of the arbitration and class action waiver provisions of section 14 (Dispute Resolution, Class Action Waiver, Arbitration Agreement) by sending us written notice of your decision at the address set forth in section 18.2 (Notice to Adobe). If you opt out of these provisions, Adobe will also not be bound by them.

Between July 2023 and September 2023, Plaintiff Wohlfiel purchased approximately ten ABM subscriptions for Lightroom. Compl. ¶ 93. From November 2023 to January 2024, Wohlfiel began progressively cancelling her subscription, paying the early termination fee for each cancelled product. *Id.* ¶ 100.

In or around mid-June 2023, Plaintiff Marquez purchased an ABM subscription for Adobe Acrobat. *Id*. ¶ 101. Marquez initiated the cancellation process in or around mid-July 2023 but ceased the process after learning about the early termination fee. *Id.* ¶ 106.

### B. Procedural Background

Plaintiffs Wohlfiel and Marquez brought their Complaint individually and on behalf of all others similarly situated against Defendant Adobe Inc. Compl.

Defendant moved to dismiss the entirety of Plaintiffs' Complaint under Rule 12(b)(1) and/or Rule 12(b)(6), and in the alternative, moved to strike all class claims under Rule 12(f). ECF 7. Plaintiffs opposed. ECF 18. To support their opposition, Plaintiffs filed a declaration with exhibits. ECF 19. Defendant replied. ECF 20.

Plaintiffs then filed a motion for corrective action under Rule 23(d). Defendant opposed. ECF 28. Plaintiffs replied. ECF 30.

The Court subsequently ordered the parties to file supplemental briefing. ECF 43. Defendant filed its supplemental brief at ECF 44, and Plaintiffs filed their supplemental brief at ECF 45.

All parties have consented to magistrate judge jurisdiction. ECF 5; ECF 13.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail*

5

*Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

### A.    The Court Dismisses Plaintiffs' Complaint Under Rule 12(b)(6) for failure to allege compliance with the DRP

Defendant first argues that Plaintiffs' Complaint must be dismissed because Plaintiffs did not comply with the TOU's pre-litigation dispute resolution requirements in its DRP that are a condition precedent to their ability to bring claims against Adobe in any forum. ECF 7 at 1–2. Plaintiffs respond that the DRP and all of its subsections are unconscionable, and therefore unenforceable. ECF 18 at 9. Defendant responds that the Court should dismiss these arguments because the delegation clause delegates Plaintiffs' unconscionability challenges to an arbitrator, not the Court. The Court finds that it can assess the DRP's enforceability, that the DRP is not unconscionable and is enforceable, and that Plaintiffs did not sufficiently allege compliance with the pre-litigation requirements. As such, the Court dismisses Plaintiffs' Complaint under Rule 12(b)(6).

#### 1.    The Parties Agreed to the August 1, 2022, TOU and its DRP

There is no dispute that the August 1, 2022, TOU was in effect when Plaintiffs purchased their Adobe subscriptions and that it DRP contains an arbitration agreement. *See* ECF 18 at 3–5. An enforceable contract will be found if "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button . . . that unambiguously manifests his or her assent to those terms." *Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038,

6

1045 (N.D. Cal. 2025) (citing *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022)).

Here, Defendant's website provided reasonably conspicuous notice of the terms to which Plaintiffs would be bound. While Plaintiffs characterize the presentation of the TOU as "purposeful obfuscation" in another portion of their brief because "the TOU is presented and accessible only though a hyperlink presented in small typeface and buried in an inconspicuous paragraph at the end of the process," the Court is not persuaded by this characterization. ECF 18 at 11. Like other final checkout pages that courts have previously found to give reasonably conspicuous notice, Defendant's checkout page at Example D conspicuously displayed an advisal regarding acceptance of the TOU above the action button, bolded the text directly above the "Agree and subscribe" button clearly stating that "By clicking 'Agree and subscribe,' . . . [y]ou also agree to the Terms of Use and Subscription and Cancellation Terms," and conspicuously distinguished the TOU hyperlink from the surrounding text in bright blue font. Compl., Example D; *Singh*, 797 F. Supp. 3d at 1048. Further, there is no dispute that Plaintiffs clicked the "Agree and subscribe" button to buy their subscriptions. ECF 7 at 7.

As an initial matter, the Court finds that the parties formed a valid agreement to arbitrate by assenting to the August 1, 2022, TOU and its DRP.

### 2. The Court Can Assess Whether the DRP is Unconscionable Despite its Delegation Clause Because Defendant Waived its Right to Arbitrate Gateway Issues.

Plaintiffs argue that they are not bound to the pre-litigation requirements in the TOU's DRP because the DRP and all its subsections are unconscionable. ECF 18 at 9. However, the DRP has a delegation clause that states that "[t]he arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of the Terms or formation of the Terms, including whether any dispute between us is subject to arbitration." TOU, Subsection 14.1. As such, Defendant argues that Plaintiffs' DRP

7

challenges are for an arbitrator and are not properly before the Court unless they specifically challenge the delegation provision itself.  ECF 20 at 2.  The Court finds that Defendant waived their right to compel arbitration under the delegation clause, and thus, the Court, not the arbitrator, determines gateway issues like unconscionability.

A court cannot compel arbitration where neither party requested it.  *Wren v. Sletten Const. Co.*, 654 F.2d 529, 537 (9th Cir. 1981).  Further, the right to arbitration "may be waived or modified by the parties."  *Id.*  The test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right.  *Hill v. Xerox Bus. Servs.*, LLC, 59 F.4th 457, 468 (9th Cir. 2023).  Here, both elements have been satisfied as to the right to compel under the delegation clause.

First, Defendant had knowledge of the right to compel arbitration under the delegation clause—it stated that the "TOU delegate[s] to an arbitrator disputes relating to the 'enforceability' of the TOU" and cited the delegation clause.  ECF 20 at 2 n.1.

Second, Defendant intentionally acted inconsistently with its right to compel arbitration.  "There is no concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions."  *Hill*, 59 F.4th at 471.  Courts have found this element satisfied "when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court."  *Id.*  Here, Defendant appears to be actively litigating its case—it filed a motion to dismiss before a district court that requested a ruling on the merits.  *See, generally,* Compl.  Its reply brief in support of its motion to dismiss similarly contained substantive arguments.  *See, generally,* ECF 20.  More confusingly, despite acknowledging and arguing for their right to compel arbitration under the delegation clause, as well as being warned by Plaintiffs that their position was that it had waived the right to compel arbitration, Defendant has not requested the Court to compel arbitration under the delegation clause.  *See, e.g.,* ECF 32 at 2 n.1.  To the contrary, Defendant explicitly argues that "the Court should not direct that the delegated issue be heard

*exclusively* by an arbitrator." ECF 44 at 3 (emphasis in original). It was not enough for Defendant to "reserve[] its right to compel arbitration." ECF 32 at 2; *Hill*, 59 F.4th at 471 ("A statement by a party that it has a right to arbitration in pleadings or motion is not enough to defeat a claim of waiver."). These actions, taken all together, show actions inconsistent with the right to compel arbitration under the delegation clause. *See In Re Mirant Corp. v. Castex Energy, Inc.*, 613 F.3d 584, 591 (5th Cir. 2010) ("A party cannot keep its right to demand arbitration in reserve indefinitely while it pursues a decision on the merits before the district court.").

The Court finds that Defendant waived its right to compel arbitration under the delegation clause and is barred from making any arguments on the basis of such a right.[2]

### 3.    The DRP is not Unconscionable and can be Enforced

With the waiver of the delegation clause, the Court can hear gateway issues. The Court therefore addresses Plaintiffs' arguments that the DRP is unconscionable and thus, they are not bound by the DRP's pre-litigation requirements, one-year limitation, and class waiver, and properly brought their claims in this Court.

Under California law, "a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 89 (2000)). These two prongs operate on a sliding scale: the lesser the procedural unconscionability, the greater substantive unconscionability must be shown, and vice versa. *Armendariz*, 24 Cal. 4th at 89. "When evaluating procedural

---

[2] The DRP provides for another avenue of arbitration beyond gateway issues—it states that after going through pre-litigation requirements, "[i]f any dispute related to your Claim is not resolved within 60 days of receipt, any resulting legal actions must be resolved through either small claims court or final and binding arbitration." TOU, Subsection 14.1. The Court finds that Defendant did not waive this right to compel arbitration, as Defendant alleged that Plaintiffs did not go through the pre-litigation requirements and thus believed that this dispute was not yet ripe for arbitration. See *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1125 (9th Cir. 2008) (finding that the party's actions were not inconsistent with the right to arbitrate given its understanding that the dispute was not yet ripe for arbitration). As such, Defendant can still compel arbitration under this statement. Defendant's waiver is limited to arbitration under the delegation clause.

United States District Court
Northern District of California

unconscionability, courts focus on oppression or surprise that results from unequal bargaining power; while evaluating substantive unconscionability, courts are more concerned with overly harsh or one-sided results." *Klink v. ABC Phones of N.C.*, No. 20-cv-06276-EMC, 2021 WL 3709167, at *9 (N.D. Cal. Aug. 20, 2021) (citing *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (2013)).

### a.    The DRP is not Unconscionable Because there is an Opt-Out Provision.

Plaintiffs allege that the entirety of the DRP is unenforceable because it is both procedurally and substantively unconscionable. ECF 18 at 10. The Court finds that the DRP is not procedurally unconscionable, and it can therefore enforce the DRP.

Plaintiffs argue that the DRP is procedurally unconscionable because it is a contract of adhesion, Defendant has superior bargaining power over its legally unsophisticated consumers, and there was purposeful obfuscation of the TOU. ECF 18 at 10–11. However, the TOU contains an opt-out provision that states that a consumer has "the right to opt out of the arbitration and class action waiver provisions of section 14 (Dispute Resolution, Class Action Waiver, Arbitration Agreement)." TOU, Subsection 14.6. The Ninth Circuit has held that "the threshold inquiry in California's unconscionability analysis is whether the arbitration agreement is adhesive," and "an arbitration agreement is not adhesive if there is an opportunity to opt out." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (citations omitted). As such, because the DRP has an opt-out provision, it is not adhesive.

Further, Plaintiffs' arguments that Defendant has superior bargaining power and there was purposeful obfuscation is not persuasive to show procedural unconscionability. Defendant does not have superior bargaining power because Plaintiffs were able to opt-out of the DRP. Further, as explained in Section III.A.1., the Court is not convinced that there was purposeful obfuscation. *Supra* Section III.A.1. (finding that there was reasonably conspicuous notice of the TOU). As such, these two arguments do not support a finding of oppression or surprise resulting from unequal bargaining power.

United States District Court
Northern District of California

United States District Court
Northern District of California

The Court finds that the DRP was not procedurally unconscionable, and thus also finds that it need not reach the question whether it was substantively unconscionable. *Mohamed*, 848 F.3d at 1210 (stating that both procedural and substantive unconscionability must be present for an agreement to be unenforceable).  The Court finds that the DRP is enforceable.

          **b.**      **The Court Need Not Assess the Unconscionability of the Subsections of the DRP**

Plaintiffs also make additional arguments as to why the Court should find that the individual subsections of the DRP unconscionable, including the pre-litigation requirements, 1-year limitation period, and class action waiver.  However, these subsections are also subject to the opt-out provision in Subsection 14.6.  Thus, these subsections are also not procedurally unconscionable, and Plaintiffs' additional arguments regarding their substantive unconscionability are irrelevant.[3]

          **4.**      **Plaintiffs Did not Sufficiently Allege They Fulfilled the DRP's Pre-Litigation Requirements**

Because the Court finds the DRP is enforceable, it assesses Defendant's argument that "Plaintiffs filed their claims without following the dispute resolution provisions mandated by the TOU, which requires their claims to be dismissed."  ECF 7 at 10. Subsection 14.1 of the TOU stated that consumers "agree to first try to resolve the dispute informally and in good faith by contacting us and providing a written Notice of Claim," the Notice of Claim "must provide Adobe with fair notice of your identity, a description of the nature and basis of your claim, and the relief you are seeking, including the specific amount of any monetary relief you are seeking, and cannot be combined with a Notice of

---

[3] Regardless of whether a class action waiver must be evaluated under California's *Discover Bank* test instead of the typical unconscionability standard, the Court still finds that the opt-out provision renders the provision conscionable.  ECF 18 at 4; s*ee Discover Bank v. Superior Ct. of L.A.*, 36 Cal. 4th 148 (2005) (finding that the agreement must be a contract of adhesion to determine that a class action waiver is in a consumer contract is unconscionable).

Claim for other individuals," and that "[n]either party shall initiate legal action until 60 days after the Notice of Claim is received."

The parties dispute whether Plaintiffs followed the DRP's pre-litigation dispute resolution requirements in Subsection 14.1. Plaintiffs also alternatively argue that they are excused from complying with the pre-litigation requirements because of Adobe's "obstructionist conduct." ECF 18 at 17–18. However, Plaintiffs allege that they have satisfied the pre-litigation requirements and facts about Adobe's obstructionist conduct only in their opposition brief and its declarations and exhibits, and not in their Complaint. ECF 18 at 7. However, the Court cannot consider these outside pleadings in assessing a motion to dismiss. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Thus, because Plaintiffs failed to allege compliance with the pre-litigation requirements that creates a condition precedent to filing this lawsuit, dismissal is warranted under Rule 12(b)(6). *See Lipeles v. United Airlines, Inc.*, No. 23-cv-7143-KK-MAAX, 2024 WL 891792, at \*3 (C.D. Cal. Jan. 9, 2024). The Court therefore does not address the parties' remaining dismissal arguments and GRANTS Defendant's motion to dismiss under Rule 12(b)(6). Because the deficiencies can be remedies, the Court does so with LEAVE TO AMEND. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     The Court Denies Defendant's Motion to Strike Class Claims Under Rule 12(f)**

Because the Court dismissed Plaintiffs' Complaint, the Court finds that Defendant's motion to strike class claims is moot. It therefore DENIES Defendant's motion to strike class claims without prejudice.

**C.     The Court Denies Plaintiffs' Motion for Corrective Action Under Rule 23(d)**

Plaintiff moves the Court to grant protective relief under Rule 23(d), specifically requesting the Court to (1) find the Post-Filing TOU promulgated by Adobe to be null and

12

void and unenforceable as to Plaintiffs and putative class members; and (2) require Adobe to obtain approval prior to promulgating any new communication that could impact putative class members' rights in this case. ECF 21 at 1–2. Because the Court dismissed Plaintiffs' Complaint and found that the class action waiver is enforceable, it finds that Plaintiffs' requested relief to protect putative class members under Rule 23(d) is moot. It therefore DENIES Plaintiffs' motion for corrective action without prejudice.

## IV.    CONCLUSION

In conclusion, the Court GRANTS Defendant's motion to dismiss with leave to amend. Plaintiffs must file their amended complaint or notify the Court that they do not wish to amend by April 21, 2026. Plaintiffs may not add any new parties or claims without further leave of Court. Further, the Court DENIES without prejudice Defendant's motion to strike and Plaintiffs' motion for corrective action.

**IT IS SO ORDERED.**

Dated: March 31, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

13