**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STEPHANIE WOHLFIEL and VIANCA MARQUEZ, individually and on behalf of all others similarly situated,

                    Plaintiffs,

v.

ADOBE INC.,

                    Defendant.

Case No. 5:25-cv-06562-NC

Assigned to: Hon. Nathanael M. Cousins

Judge: Hon. Nathanael M. Cousins

Courtroom:    (By Zoom)
Date:          May 13, 2026
Time:         11:00 a.m.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 31, 2026 ORDER**

**COULSON P.C.**

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

**COULSON  P.C.**

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    I.    **ADOBE MISSTATES THE APPLICABLE STANDARD** ........................ 2

    II.    **ADOBE FAILS TO REBUT PLAINTIFFS' SHOWING OF CLEAR ERROR REGARDING ARBITRATION WAIVER**................................... 3

    III.    **ADOBE FAILS TO REBUT PLAINTIFFS' SHOWING OF CLEAR ERROR REGARDING PROCEDURAL UNCONSCIONABILITY**........ 8

    A.    Plaintiffs Could Not Have Previously Responded to Adobe's Misstatement of Law Regarding Opt-Out Provisions.................................. 8

    B.    Adobe Miscontrues the Illusory Nature of the Opt-Out Provision and the Resulting Similarity to *Rios* ................................................... 9

    C.    Adobe Cannot Rebut Plaintiffs' Showing of Adhesiveness Since a "Failure" to Opt Out is Not an Authentic, Informed Choice .................... 11

        1.    The Opt-Out Provision is Buried in Dense Text and is Illusory......... 11

        2.    The Opt-Out Provision's Effects are Confusing and Unexplained..... 12

    D.    Adobe Cannot Rebut Plaintiffs' Showing of Oppression ......................... 14

    E.    Adobe Cannot Rebut Plaintiffs' Showing of Surprise.............................. 14

    F.    Adobe's Allegations of Inconsistency are Meritless ................................ 15

CONCLUSION ....................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AMA Multimedia, LLC v. Borjan Sols., S.L.*, 2016 No. 2:15-cv-01673-JCM-GWF,
  2016 U.S. Dist. LEXIS 51223 (2016)......................................................................... 8

*Anderson v. Starbucks Corp.*, 2022 No. 20-cv-01178-JD,
  2022 U.S. Dist. LEXIS 46666 (2022)......................................................................... 6

*In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019) ................... 8

*Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011 (9th Cir. 2023)........................................... 4, 5

*Banq, Inc. v. Purcell, No. 23-15229*, 2024 U.S. App. LEXIS 23203
  (9th Cir. Sep. 12, 2024)........................................................................................ 5, 6

*BG Grp. plc v. Republic of Arg.*, 572 U.S. 25 (2014) ........................................................ 7

*H & T Seafood v. Green Chef Corp., No. CV 19-5423-MWF (AFMx)*,
  2019 U.S. Dist. LEXIS 227667 (C.D. Cal. Dec. 2, 2019) ..................................................... 4

*Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722 (9th Cir. 2025) ....................................... 2, 3

*Heckman v. Live Nation Ent., Inc.,* 120 F.4th 670 (9th Cir. 2024)........................................... 14

*Hough v. Carroll*, No. 2:24-cv-02886-WLH-SK,
  2024 LX 155783 (C.D. Cal. Aug. 26, 2024)................................................................... 13

*Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002)....................................................... 6

*JP Morgan Chase Bank, N.A. v. Jones, No. C15-1176RAJ*,
  2016 U.S. Dist. LEXIS 40481 (W.D. Wash. Mar. 28, 2016) ................................................ 6

*Lim v. TForce Logistics, LLC*, 8 F.4th 992 (9th Cir. 2021)................................................... 15

*LMC Vineyards, LLC v. Allied World Nat'l Assurance Co.*, No. 24-cv-03357-TLT,
  2025 LX 539881 (N.D. Cal. Aug. 26, 2025) .................................................................. 2-3

*Luciano v. Epson Am. Inc.,* No. 5:25-cv-02257-SSS-AYPx,
  2026 LX 169759 (C.D. Cal. Mar. 26, 2026)................................................................... 12

*Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016)........................................................... 4, 6

*McCormick v. Barnhart, No. C 01-4489 MMC*,
  2004 U.S. Dist. LEXIS 6038 (N.D. Cal. Apr. 6, 2004) ...................................................... 9

COULSON  P.C.

*McCoy v. Walmart, Inc.*, 13 F.4th 702 (8th Cir. 2021) .................................................................. 5

*Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935 (9th Cir. 2019) ........................................... 4

*Pac. Coast Fed'n of Fishermen's Ass'n v. Locke, No. C 10-04790 CRB*,
    2011 U.S. Dist. LEXIS 7989 (N.D. Cal. Jan. 27, 2011) ........................................................ 2

*See Pandolfi v. Aviagames, Inc.,* No. 23-cv-05971-EMC,
    2024 LX 180500 (N.D. Cal. Sep. 4, 2024) ......................................................................... 15

*Peters v. Guaranteed Rate, Inc.,* No. 23-cv-05602-VC,
    2025 LX 586648 (N.D. Cal. Nov. 18, 2025) ...................................................................... 15

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) ......................................................................... 2

*Ramirez v. Ghilotti Bros*., 941 F. Supp. 2d 1197 (N.D. Cal. 2013) .............................................. 1

*Rios v. HRB Digit. LLC*, 807 F. Supp. 3d 975 (N.D. Cal. 2025) ................................. 9, 10, 11, 14

*Roberts v. Luxottica of Am*., No. 2:19-cv-08960-VAP-JCx,
    2020 LX 32193 (C.D. Cal. Jan. 30, 2020) ........................................................................ 11

*Rupert v. Bond*, 771 F. App'x 777 (9th Cir. 2019) ...................................................................... 2

*Sanchez v. Superior Court,* 329 Cal. Rptr. 3d 405 (Cal. App. 4th Dist. 2025*)* ........................... 14

*Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 553 F. Supp. 3d 752
    (N.D. Cal. 2021) ............................................................................................................... 5, 6

*Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950 (9th Cir. 2013) ................................................. 2, 3

*Synopsys, Inc. v Siemens Industry Software Inc., 04151, No. 20-cv-*,
    2021 U.S. Dist. LEXIS 65099 (N.D. Cal. Apr. 2, 2021) ...................................................... 7

*Tellus Prods., LLC v. Sustainable Fiber Techs., LLC, No. 18-81143-CIV*,
    2019 U.S. Dist. LEXIS 4134 (S.D. Fla. Jan. 4, 2019) ......................................................... 7

*Ting v. AT&T Corp.*, 319 F.3d 1126 (9th Cir. 2003) ................................................................... 13

*Velasco v. Wash. Mut. Bank, No. CV 08-01104-RGK (CWx)*,
    2008 U.S. Dist. LEXIS 126955 (C.D. Cal. July 17, 2008) ................................................. 13

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 4, 5

Fed. R. Civ. P. 54(b) ..................................................................................................................... 2

**COULSON P.C.**

**COULSON P.C.**

## OTHER AUTHORITIES

https://cand.uscourts.gov/rules-forms-fees/court-fee-schedule (last visited May 5, 2026) ................................................................................................................ 13

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

**COULSON P.C.**

### INTRODUCTION

The Court's limited arbitration waiver determination must be reconsidered given Adobe's concession that it knew it could have invoked its general arbitration provision but moved to dismiss instead. Adobe's defense of the Court's procedural unconscionability determination rests on provable mischaracterizations of its own TOU and Plaintiffs' authority. The infirmity—and in several cases, complete absence—of Defendant's opposition arguments confirms the propriety of reconsideration.

The Court made two findings in granting Plaintiffs leave to seek reconsideration. First, that they had satisfied Civ. L.R. 7-9(b)(1), which requires "a material difference in fact or law [] from that which was presented to the Court … [which] in the exercise of reasonable diligence [Plaintiffs] did not know … at the time[.]" ECF 51. Second, that they had satisfied Civ. L.R. 7-9(b)(3), based on "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order[.]" *Id.* Much of Adobe's opposition is devoted to rearguing these sound findings to the exclusion of substantive argument.

As to waiver, Adobe does not refute, and therefore concedes,[1] that it knew it could have sought to invoke the general arbitration provision long ago (as it often has). In combination with the Court's clear prior finding that Adobe acted inconsistently with its then-existing arbitration rights, this conclusively resolves the analysis. Without seeking leave, Adobe tries to dispute that finding, while all but ignoring the dispositive fact that it did not merely file a "jurisdictional" motion to dismiss, but sought victory on the merits. Adobe does nothing to refute the controlling statements of law that conclusively establish waiver. Glaringly, it cannot point to any case in which a party sought dismissal on the merits as it has (and intends to do again)[2] and managed to retain any arbitration rights.

On procedural unconscionability, Adobe misrepresents the effect of its opt-out provision. Contrary to its assertion, it is indisputable that a class member would need to continue to opt out each time Adobe updated its terms to ensure the opt-out's durability. This is precisely the same scenario that the court considered in *Rios,* which Adobe attempts to distinguish through bald

---

[1] A party that does not respond to an argument concedes the issue. *Ramirez v. Ghilotti Bros*., 941 F. Supp. 2d 1197, 1210 and n. 8 (N.D. Cal. 2013) (collecting cases).
[2] *See* ECF 54.

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

COULSON P.C.

mischaracterization. In *Rios* the opt-out process did not materially differ from the one imposed by Adobe's DRP. *Rios* is on all fours, and Adobe does not suggest that it was wrongly decided.

Adobe also fails to refute the clear requirement that for unconscionability purposes, the opt-out provision must be analyzed in the context of the TOU as a whole. Bafflingly, it disclaims any contradiction in its own terms—this error is perhaps the best possible evidence of their confusing nature. And it fails to meaningfully distinguish cases in which substantially similar provisions in substantially similar agreements were deemed to establish the "oppression" and "surprise" considerations. The required analysis establishes that the DRP and its component parts are both adhesive and procedurally unconscionable.

## **ARGUMENT**

### **I.    ADOBE MISSTATES THE APPLICABLE STANDARD**

The Court has already found material differences in fact and/or law that Plaintiffs could not, in the exercise of reasonable diligence, have previously presented, as well as a manifest failure by the Court to consider material facts or dispositive legal arguments. ECF 51. Following that determination, reconsideration is appropriate under Rule 54(b) where the court committed "clear error," but also, separately, where its decision was "manifestly unjust." *LMC Vineyards, LLC v. Allied World Nat'l Assurance Co.*, No. 24-cv-03357-TLT, 2025 LX 539881, at \*7 (N.D. Cal. Aug. 26, 2025) (citing *Rupert v. Bond*, 771 F. App'x 777, 778 (9th Cir. 2019)).[3] Adobe attempts to narrow the Court's authority by pointing to the more stringent "clear error" standard that applies on appeal. ECF 55 at 7:22-25 (quoting *Prete v. Bradbury,* 438 F.3d 949, 968 n.23 (9th Cir. 2006). But it ignores that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order *for cause seen by it to be sufficient*." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 741 (9th Cir. 2025) (citations omitted) (emphasis added). "As the Ninth Circuit opined: 'it is common for trial . . . courts to

---

[3] These standards are similar, but technically distinct. While "[c]lear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed[]'", *LMC Vineyards, LLC*, 2025 LX 539881 at \*7 (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)), "[a] decision is manifestly unjust if it contains an error that 'is direct, obvious, and observable.'" *Pac. Coast Fed'n of Fishermen's Ass'n v. Locke*, No. C 10-04790 CRB, 2011 U.S. Dist. LEXIS 7989, at \*5 (N.D. Cal. Jan. 27, 2011) (citation omitted).

**COULSON P.C.**

reconsider and change positions when they conclude that they made a mistake. This is routine in judging, and there is nothing odd or improper about it." *LMC Vineyards, LLC*, 2025 LX 539881 at *7-8 (quoting *Smith.*, 727 F.3d at 955). "Ultimately, reconsideration motions are discretionary and require 'facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.'" *Id.* (citation omitted).

## II.    ADOBE FAILS TO REBUT PLAINTIFFS' SHOWING OF CLEAR ERROR REGARDING ARBITRATION WAIVER

The waiver analysis is conclusively resolved by three uncontested facts: (1) Adobe knew that it could have moved to compel arbitration under the general arbitration provision; (2) it did not; and (3) it instead sought a complete victory on the merits by moving to dismiss the case. In the context of the delegation clause, the Court has already determined—and Adobe has not requested that it reconsider—that Adobe "intentionally acted inconsistently with its right to compel arbitration…Defendant appears to be actively litigating its case" by seeking dismissal. ECF 48 at 8:15-23. Because it had the same right to move to compel arbitration under the general arbitration provision (and knew it), the same analysis controls.

It is hard to overstate the significance of Adobe's inability to dispute that it could have moved to compel arbitration under the general arbitration provision, as has been its practice in other cases. *See* ECF 50-1 at 12:1-5; 22:13-23:1. Despite Plaintiffs' extensive focus on this clear fact (*see id.* at 19:21-23:6), the closest Adobe comes to denying it is to argue that "[b]ecause Adobe reasonably (and correctly) believed that Plaintiffs had not complied with these steps, Adobe did not knowingly and intentionally act inconsistently with its right to arbitrate Plaintiffs' disputes if and when they are *ripe for arbitration*." ECF 55 at 10:14-18 (emphasis added). But whatever Adobe might mean by "ripe for arbitration," it does not and cannot link this "belief" to an inability to move to compel arbitration under the general arbitration provision. Tellingly, Adobe even characterizes its motion to dismiss tactic as an "*election* to have the Court dismiss the Complaint[.]" ECF 55 at 8:22-9:1 (emphasis added). It thus concedes the only thing that needs to change from the Court's Order to dictate a finding of total waiver of arbitration rights: there was no barrier to invoking the general arbitration provision when it first moved to dismiss.

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

Adobe attempts to dispute the Court's prior determinations through the facially unsupportable argument that its "single[4] motion to dismiss does not constitute 'active[] litigat[ion]' of 'the merits' 'for a prolonged period of time'; nor do its alternative arguments in that motion reflect an intent 'to take advantage of being in court.'" ECF 55 at 10:23-26. It places almost all its emphasis on the temporal component of the salient analysis, which neither works to its benefit nor controls under the circumstances. It attempts to compare its actions here to those at issue in *Armstrong*, where the threshold consideration was that (unlike Adobe) the defendant "never s[ought] or obtain[ed] a ruling on the merits, and never waffl[ed] about whether to arbitrate or stay in district court." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023); *cf.* ECF 55 at 11:6-18. Far from having "availed [itself] of far more judicial process than here[,]" (*see* ECF 55 at 11:6-7) the defendant in *Armstrong* refrained from taking the one most inconsistent act[5] with an intent to seek arbitration—seeking a decision on the merits, as Adobe did. *See Armstrong*, 59 F. 4th at 1015 ("Obviously, 'seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum.'") (citation omitted).

Adobe further obfuscates by arguing that "filing a motion to dismiss on a threshold jurisdictional question does not constitute active litigation of the merits of the case." ECF 55 at 11:19-26. It brazenly asserts that "[t]hat is exactly what Adobe has done here." *Id*. at 11:26-27. *Not even close*. *Purely* jurisdictional motions to dismiss may not constitute waiver because "such motions do not seek a judicial determination on the merits." *Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 942 n.10 (9th Cir. 2019) (citing *Martin v. Yasuda,* 829 F.3d 1118, 1125-26 and n.4 (9th Cir. 2016)). Defendant's motion sought precisely such a merits determination. Adobe cannot point to even *a single case* where that did not result in waiver. *See* ECF 55 at 10:5-12:23

In lieu of moving to compel arbitration, Adobe moved to dismiss under Rule 12(b)(6) based on failure to satisfy a condition precedent, and more importantly, failure to state a claim. ECF 7. It

---

[4] Adobe's reference to a "single" motion is revealing in the context of its motion to extend its deadline to respond to Plaintiffs' FAC, whereby it sought to delay filing its second such motion. ECF 54.

[5] *H & T Seafood v. Green Chef Corp.*, No. CV 19-5423-MWF (AFMx), 2019 U.S. Dist. LEXIS 227667, at *16 (C.D. Cal. Dec. 2, 2019) ("Plaintiff wanted to see if it would prevail on its arguments in front of this Court prior to seeking to compel arbitration, which is *entirely inconsistent* with the right to arbitrate.") (emphasis added).

**COULSON P.C.**

devoted less *than two pages* to the condition precedent argument and some *ten pages* to its argument that "Plaintiffs' Claims Fail as a Matter of Law." *Id.* at 18-19, 19-29. It also sought dismissal of Plaintiffs' requests for equitable relief and their class allegations. *Id.* at 28-30. Even if the condition precedent argument could be deemed "jurisdictional" (it cannot[6]), including it alongside a motion to determine the merits does not change the calculus.

Categorizing its merits-based dismissal arguments as "alternative arguments" that are insufficient to result in waiver, Defendant also fails to offer a single example in which a court declined to find waiver where a defendant sought dismissal on the merits (alone or alongside other grounds). That is because where a defendant has sought dismissal on the merits, "[i]t makes no difference that the filings focused on more than just the merits." *McCoy v. Walmart, Inc.*, 13 F.4th 702, 704 (8th Cir. 2021) (finding waiver where the defendant raised jurisdictional arguments but "also 'focused on pleading deficiencies' and 'sought dismissal of frivolous claims'" which is "more than *just* seek[ing] 'early dismissal of the case on jurisdiction and quasi-jurisdictional grounds'") (citations omitted) (emphasis in original). "[T]hese arguments go to the merits of [a plaintiff's] claims rather than contesting mere procedural issues, and demonstrate that defendant[] acted inconsistently with [its] arbitration right." *Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 553 F. Supp. 3d 752, 759 (N.D. Cal. 2021).

This case has been pending for nine months, more than sufficient to satisfy the flexible temporal aspect of the waiver analysis. And wholly unlike the parties contesting waiver in the cases it cites, Adobe has *still* not sought to compel arbitration—the clock continues to run. Still, what matters most is what Adobe *did* during the past nine months. *Banq, Inc. v. Purcell*, No. 23-15229, 2024 U.S. App. LEXIS 23203, at *5 (9th Cir. Sep. 12, 2024) ("timing is only one factor… We conclude that five months constitutes a prolonged delay…because Defendants actively litigated the merits of the case[.]") (citing *Armstrong*, 59 F. 4th at 1015) (additional citations omitted). In *Banq, Inc.*, the court found waiver where "Defendants' first act before the district court was to file a motion to dismiss Banq's claims on the merits. … [which] demonstrated their intent to take advantage of a judicial

---

[6] Adobe sought condition precedent dismissal under Rule 12(b)(6), not one of Rule 12(b) jurisdictional provisions (which would have required consideration of Plaintiffs' evidence). ECF 7 at 18:5-8. The Court dismissed the original complaint on 12(b)(6) grounds. ECF 48 at 12:13-16.

forum." *Id.* at \*3-4.

Adobe also argues that it preserved any arbitration rights when it "repeatedly *alluded to* its right to compel arbitration[.]" ECF 55 at 11:2-3 (emphasis added). But even clearly stating a future intent to seek arbitration, much less "alluding to" it, does not preserve arbitration rights. *See Martin,* 829 F.3d at 1125 ("a statement by a party that it has a right to arbitration in pleadings or motions is not enough to defeat a claim of waiver."). "A reservation of rights is not an assertion of rights[]" and "[a] party cannot keep its right to demand arbitration in reserve indefinitely while it pursues a decision on the merits before the district court." *Id.* (citations omitted). And Contrary to Adobe's preservation-by-allusion argument, in the parties' Joint Case Management Statement Adobe listed only one anticipated motion: for summary judgment, not to compel arbitration. ECF 32 at 5-6. Waiver is supported where the defendant "filed a joint case management statement that made no mention of arbitration or a motion to compel in the 'Defendant's Statement' or 'Anticipated Motions' sections" and contained only a "passing mention" to arbitration elsewhere. *Anderson v. Starbucks Corp.*, No. 20-cv-01178-JD, 2022 U.S. Dist. LEXIS 46666, at \*6 (N.D. Cal. Mar. 16, 2022). The parties were also required to address ADR—including binding arbitration, as to which Adobe was silent. ECF 32 at 10; Civ. L.R. 16-9. As in other decisions from this District, failing to include binding arbitration in this section of "[t]he case management statement strongly indicates that defendants have acted inconsistently for the purposes of finding waiver." *Sequoia Benefits & Ins. Servs.*, 553 F. Supp. 3d at 759.

In light of Adobe's efforts to dismiss the case on the merits, it has waived its rights irrespective of whether its condition precedent argument also fall within the scope of ordinary (versus delegation clause) arbitrator jurisdiction. But it plainly does, even further cementing waiver. It is undisputed that the Court could have (assuming *arguendo* a valid agreement) ordered the dispute to arbitration (under the general provision) irrespective of allegations of compliance with the condition precedent.[7] Yet

---

[7] *See, e.g., JP Morgan Chase Bank, N.A. v. Jones*, No. C15-1176RAJ, 2016 U.S. Dist. LEXIS 40481, \*16 (W.D. Wash. Mar. 28, 2016) ("The issue of whether 'conditions precedent to an obligation to arbitrate have been met' is generally left 'for the arbitrators to decide.' In other words, an arbitration agreement may be enforced by a court even without regards to whether it has a condition precedent — those issues 'are presumptively *not* for the judge, but for the arbitrator, to decide." *Citing Howsam v. Dean Witter Reynolds*, 537 U.S. 79 at 85-85 (2002) (additional citations omitted) (emphasis in original).

incredibly, Adobe argues that its "election to have the Court dismiss the Complaint where Plaintiffs had failed even to allege compliance with a prerequisite to litigation is not within the questions delegated to the arbitrator by Adobe's TOU." ECF 55 at 8:22-9:1. In other words, because it argued that Plaintiffs' complaint did not sufficiently allege satisfaction of the condition precedent, Adobe somehow acted consistently with its arbitration rights when it unnecessarily elected to ask the court to decide the case on condition precedent grounds.

Adobe supports this argument exclusively by comparison to a materially different posture in *Synopsys, Inc. v Siemens Industry Software Inc*., No. 20-cv-04151, 2021 U.S. Dist. LEXIS 65099 (N.D. Cal. Apr. 2, 2021). *Synopsis, Inc.* stands for the unremarkable proposition that a court need not consider the appropriate decisionmaker over a dispute that does not exist (the parties agreed that there were valid conditions precedent which had not been fulfilled, *id.* at *10-11), but Adobe claims it supports the proposition that *in this case* "there is no dispute over whether the conditions precedent to arbitration have been met." ECF 55 at 9:3-8. Adobe therefore argues that there was no "dispute" here over the condition precedent's validity or satisfaction, despite expressly asking this Court to resolve both. ECF 7. In turn, the Court expressly recognized the dispute. ECF 48 at 12:3-4.

This is not a semantic distinction; Plaintiffs introduced substantial evidence that they did comply (independent of whether Plaintiffs sufficiently alleged compliance). *See id.* at 12:13-15; ECF 18 at 7; ECF 19; ECF 19-1; ECF 19-2. And they also argued that the condition precedent should not be enforced (ECF 18 at 23:5-16), which Adobe contested. ECF 20 at 12:7—17. In other words, the parties disputed the "meaning and application" of this "particular procedural precondition[] for the use of arbitration," which is within the ordinary grant of arbitrator jurisdiction. *BG Grp. plc v. Republic of Arg.*, 572 U.S. 25, 34-35 (2014). Adobe attempts to decouple the authority to determine satisfaction of conditions precedent (which it grudgingly admits are for an arbitrator) from the authority to determine whether such satisfaction *has been adequately pled* (which it argues are not). But the arbitrator's authority plainly extends to both. *See, e.g., Tellus Prods., LLC v. Sustainable Fiber Techs., LLC*, No. 18-81143-CIV, 2019 U.S. Dist. LEXIS 4134, at *11 (S.D. Fla. Jan. 4, 2019) ("The undersigned thus recommends that the District Court compel arbitration on the issue of whether Tellus has properly *pleaded and satisfied* the conditions precedent that the TDCA requires.")

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

(emphasis added).

Adobe deems it significant that "Plaintiffs do not cite any cases involving the procedural posture here, where a defendant moved to dismiss for failure to allege compliance with conditions precedent to legal action, and the court held that these arguments were within the arbitration provision." ECF 55 at 9:14-16. Of course, Adobe can offer no case where a party asked a court to rule on a condition precedent within an arbitration provision without waiving its arbitration rights in the process. The dearth of decisions in this posture is ostensibly because comparable gamesmanship is exceedingly rare; most parties that propagate arbitration agreements are inclined to seek their enforcement rather than litigate in court while trying to keep arbitration rights up their sleeve. But the principle is broad and clear: *even in the process of compelling arbitration* a court cannot "rule[] or express any position concerning whether [a party] has satisfied the conditions precedent to its filing for arbitration[]" since "[t]he question …is reserved for a decision by the arbitrator." *AMA Multimedia, LLC v. Borjan Sols., S.L.*, No. 2:15-cv-01673-JCM-GWF, 2016 U.S. Dist. LEXIS 51223 at *11 (D. Nev. Feb. 8, 2016).

Adobe's substantive and condition precedent dismissal arguments would each be independently sufficient to waive its arbitration rights, because both were committed to an arbitrator under the general arbitration provision. Yet it raised both sets of arguments to this Court, despite knowing of its potential arbitration rights. Under those circumstances, waiver is indisputable.

### III.    ADOBE FAILS TO REBUT PLAINTIFFS' SHOWING OF CLEAR ERROR REGARDING PROCEDURAL UNCONSCIONABILITY

#### A. Plaintiffs Could Not Have Previously Responded to Adobe's Misstatement of Law Regarding Opt-Out Provisions.

Adobe argues that "[t]he entirety of Plaintiffs' argument about the opt-out provision is improper new argument that should be disregarded." ECF 55 at 12:26-27. But it ignores what its own authority establishes: only new arguments that "could reasonably have been raised earlier in the litigation[]" are precluded. *Id.* at 13:2-5 (quoting *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1163 (N.D. Cal. 2019)). Plaintiffs have explained in detail why their arguments regarding the opt-out provision could not have been previously made, since Adobe first introduced its misstatement of law on the opt-out issue its Reply on the Motion to Dismiss. ECF 50 at 5:9-6:4.

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

COULSON P.C.

Adobe faults Plaintiffs for having not preemptively addressed the issue in their opposition (ECF 55 at 13:5-6) but Plaintiffs cannot be charged with the duty to anticipate and respond to arguments (particularly misstatements of law) that were not previously raised. *See, e.g., McCormick v. Barnhart,* No. C 01-4489 MMC, 2004 U.S. Dist. LEXIS 6038, at *38 n.7 (N.D. Cal. Apr. 6, 2004) (when an "argument [is] raised for the first time in a reply brief… the opposing party has no opportunity to respond").

**B. Adobe Misconstrues the Illusory Nature of the Opt-Out Provision and the Resulting Similarity to *Rios*.**

Defendant misstates the effects of its opt-out provision in an attempt to distinguish it from the functionally identical provision at issue in *Rios.* It argues that "[i]n no way do Adobe's TOU and DRP 'mirror the contract of adhesion in *Rios*.' Adobe's customers can opt out of the arbitration provision simply by sending an email once—there are no 'ongoing burdens,' including no requirement that Adobe customers submit a new opt-out request each year." ECF 55 at 16:5-8. Defendant appears not to have read the terms the court in *Rios* found "potentially illusory." *See Rios v. HRB Digit. LLC*, 807 F. Supp. 3d 975, 989 (N.D. Cal. 2025). There is simply no material distinction.

In *Rios*, the defendant's terms indicated that it "ha[d] the sole discretion to change the terms of this Agreement" and that whenever that occurred, "[a]fter we provide notice, continued use of the Products and Services constitutes your acceptance of the changes and the Agreement (as amended)." *Rios*, Case No. 25-cv-03530-EMC ECF 20-4 at 20 (Subsection 14.3) (attached as Exhibit 1 to Coulson Reply Decl.). Because the defendant was an online tax preparation service, the court recognized that existing users were likely to access the service approximately once per year, such that each new use could result in "assent" to any updates in the terms.[8] The opt-out provision, which was bolded and contained in a conspicuous box, required users to opt-out within 30 days of "accept[ing] this agreement" through a simple online form or letter, and did not provide for opt-outs to be resubmitted annually, or otherwise specify that they would expire. Ex. 1 to Coulson Reply

---

[8] *See Rios,* 807 F. Supp. 3d at 980 ("The user may not click the 'Next' button to move past the Returning Client Acknowledgement Screen without first clicking the check box agreeing to the terms of the [Online Services Agreement].").

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

COULSON P.C.

COULSON P.C.

Decl. at 16. The court simply recognized that by altering, replacing, or updating the terms, the defendant could render an opt-out ineffective once the user logged back on the next year.[9]

Almost identically, Adobe's TOU purports to reserve to Adobe the right to change its terms at will, and states "[u]nless otherwise noted, the amended Terms will be effective immediately, and your continued use of our Services and Software confirm your acceptance of the changes." TOU Subsection 1.5, ECF 8-1 at 3. Going beyond the defendant in *Rios*, Adobe could obtain "assent" to changed terms much more frequently than once per year, given the nature of its products (which are used regularly and billed on a monthly basis). *See* ECF 52 at 5:7-24. The TOU's DRP purports to apply "to all claims that arose or were asserted before the effective date of the Terms." TOU Subsection 14.1, ECF 8-1 at 10. The partial opt-out provision gives users "the right to opt out of the arbitration and class action waiver provisions of section 14 (Dispute Resolution, Class Action Waiver, Arbitration Agreement)[.]" TOU Subsection 14.6, ECF 8-1 at 11 (emphasis added). In other words, users cannot opt out of arbitration with Adobe for all time, only "the arbitration and class action waiver provisions" of the specific section of the specific version of the terms then in effect. *See id.*

Adobe argues that it is rescued by the timing constraints in the opt-out provision, which required opt-outs to be made "[w]ithin the first thirty (30) days of your use of the Services and Software or the date of the last update to section 14 (Dispute Resolution, Class Action Waiver, Arbitration Agreement) of the Terms, whichever is later[.]" ECF 55 at 16:5-17; ECF 8-1 at 11. But that language does nothing to confirm the continued effectiveness of prior opt-outs; it is designed to facilitate Adobe's at-will terms updates, facially ensuring that every user will (assuming, *arguendo*, that they receive notice) have 30 days to opt-out of a given version of the terms. There is nothing in the TOU's language that preserves (expressly or otherwise) the effect of opting out as to later versions; the opt-out is explicitly tied to the specific provisions of the specific version of the agreement.

---

[9] *Rios*, 807 F. Supp. 3d at 986 ("the opt-out "imposes ongoing burdens, including the requirement that consumers submit a new opt-out request each year to avoid being bound by successive versions of the arbitration agreement. Thus, even users who once opted out may be swept back into arbitration unless they repeatedly navigate the process annually.").

*Roberts v. Luxottica of Am.*, No. 2:19-cv-08960-VAP-JCx, 2020 LX 32193 (C.D. Cal. Jan. 30, 2020) cleanly illustrates the risk the *Rios* Court described and Adobe's terms impose. There, the plaintiff opted out of an earlier version, but not a subsequent version, of an arbitration agreement. *Id.* at *9-10. The new agreement indicated that it "replace[d] and supersede[d] all prior versions" of the agreement. *Id.* at *4. The court found that the plaintiff was bound by the new version's terms (which he did not separately opt out of ) and that his prior opt-out did not apply to them. *Id.* at *10. This is precisely the concern here, and it is not mitigated by any of Adobe's unsupported arguments. *See* TOU, ECF 8-1 at 2 ("These General Terms of Use replace and supersede all prior versions.").

Absent express language to the contrary, opting out of arbitration under a version of an agreement that is later superseded is insufficient to opt-out under the new version. *See Roberts*, 2020 LC 32192 at *10. Adobe's DRP contains no such language. It is at least as illusory and burdensome the one considered in *Rios*, and Adobe offers no reason this Court should reach a different result.

### C. Adobe Cannot Rebut Plaintiffs' Showing of Adhesiveness Since a "Failure" to Opt Out Is Not an Authentic, Informed Choice.

Plaintiffs' motion established that an opt-out does not cure adhesiveness (or negate unequal bargaining power) where it does not represent "an authentic, informed choice." ECF 50-1 at 29:4-30:15. Adobe's responds by raising irrelevant distinctions between this case and those Plaintiffs cited for that simple, uncontroverted premise. ECF 55 at 14:4-18:2. But it does not and cannot meaningfully distinguish the cases where the same considerations present here have led to findings of adhesiveness and procedural unconscionability. And remarkably, Adobe's well-qualified counsel demonstrates the very "confusion" Plaintiffs show is imposed by Adobe's terms; it could not locate their plain self-contradiction even when pointed to it.

### 1. The Opt-Out Provision is Buried in Dense Text and is Illusory.

Plaintiffs' motion establishes that a 30-day opt-out provision does not cure adhesion where it is buried in a lengthy, dense agreement and imposes ongoing burdens to avoid being bound by successive versions. *See, e.g.,* ECF 50-1 at 29 (citing *Rios*, 807 F. Supp. 3d at 985-86). Adobe sensibly declines to dispute that its opt-out provision is buried in a lengthy, dense agreement. Instead, it relies on the faulty distinctions it attempted to create with *Rios* regarding the opt-out's illusory

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

COULSON  P.C.

effect. *See* Sec. III(B)*, supra.* That misinformed argument is all that stands between this case and the outcome reached in *Rios*.

### 2. The Opt-Out Provision's Effects are Confusing and Unexplained.

Plaintiffs' motion also establishes that opt-out provisions do not create an authentic informed choice where the presentation of the choice is confusing and no one explained the clause or procedure. ECF 50-1 at 29 (citing *Luciano v. Epson Am. Inc.,* No. 5:25-cv-02257-SSS-AYPx, 2026 LX 169759, at *12 (C.D. Cal. Mar. 26, 2026)). The motion explained that Adobe's terms, including the opt-out provision, were confusing because they were internally contradictory (*id.* at 30:3-8, n.19) and that users would have no idea that they were "agreeing" to "a process that builds prohibitively expensive fees into the arbitration process[.]" *Id.* at 33:5-11; 33:26-34:4. Remarkably, the contradiction in Adobe's terms is laid bare by *its own lawyers' failure to understand them*, even when prompted:

> Plaintiffs also argue that oppression exists because Adobe's TOU, like those in *Heckman*, allegedly 'permitted unilateral, retroactive modification of the terms governing disputes.' They also say that the TOU are internally contradictory on this point, but do not cite any portion of the TOU in support. In fact, Adobe's TOU say ***the opposite***: 'Any such changes will not apply to any dispute between you and Adobe arising prior to the date on which we posted the revised Terms incorporating such changes.' *Heckman*, and Plaintiffs' argument, are entirely off base.

ECF 55 at 19:18-24 (emphasis in original). Despite being told directly that the terms were internally contradictory regarding their purported retroactivity, Adobe's esteemed counsel could not ascertain that the DRP *specifically* claims retroactive application, just as in *Heckman v. Live Nation Ent., Inc.,* 120 F.4th 670, 682 (9th Cir. 2024), while the broader TOU claims the opposite. *See* TOU Subsection 1.5 ("Updates to Terms"), ECF 8-1 at 3 ("Any such changes *will not apply to any dispute between you and Adobe arising prior* to the date on which we posted the revised Terms incorporating such changes, or when the Terms otherwise become effective.") (emphasis added); TOU Subsection 14.1 ("Notice of Claim and Required Information Dispute Resolution Process"), ECF 8-1 at 10 ("This agreement to arbitrate *shall apply, without limitation, to all claims that arose or were asserted before the effective date of the Terms*.") (emphasis added). Despite Adobe's contrary claims, Plaintiffs specifically identified both of the foregoing TOU passages in identifying the inconsistency. *See* ECF 50-1 (citing ECF 8-1 at 3, 10-11) (additional citations omitted). Its counsel still missed the

---

**-12-**
**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

contradiction.

Whereas Adobe helpfully demonstrates the first reason terms are confusing (their internal contradictions), it hardly bothers to address the second (the surprising fact of Adobe's imposition of prohibitive fees). Rather, it claims, in conclusory fashion, that the cost-shifting provision is immaterial, because it purportedly does not apply if the consumer "cannot afford to pay" the fees. ECF 55 at 21:5-7. It should be obvious that arbitration fees are not "prohibitive" only where the claimant is indigent and does not have the means to pay them, but also (and much more saliently) where they substantially exceed both the amount in dispute and the ordinary cost of litigation or arbitration. *See, e.g., Hough v. Carroll*, No. 2:24-cv-02886-WLH-SKx, 2024 LX 155783, at *14 (C.D. Cal. Aug. 26, 2024) ("California courts are skeptical of fee-shifting provisions that put consumers 'at risk of incurring greater costs than they would bear if they were to litigate their claims in federal court.'") (citation omitted); *Velasco v. Wash. Mut. Bank*, No. CV 08-01104-RGK (CWx), 2008 U.S. Dist. LEXIS 126955, at *5 (C.D. Cal. July 17, 2008) ("A fee-splitting provision in a mandatory arbitration agreement that requires a customer to split arbitration fees equally with a service provider is substantively unconscionable") (citing *Ting v. AT&T Corp.*, 319 F.3d 1126, 1151 (9th Cir. 2003) (additional citations omitted).

Plaintiffs have established[10], and Adobe does not dispute, that the mass-arbitration provision in the DRP would impose thousands of dollars in costs upon any jointly-represented claimant who sought arbitration. Specifically, the DRP would impose costs of $1,000 per claimant immediately upon filing, plus half of arbitrator compensation of "between $400 and hour and $15,000 per day" as compared with the ordinary all-in limit of $250. ECF 18 at 18-19 and n. 6-7. The cost grossly exceeds of a jointly-represented plaintiff's share of the $405 filing fee that applies in this Court.[11] That Adobe claims it will pay these costs if a consumer makes an unspecified showing of indigence does nothing to resolve this concern for ordinary consumers like Plaintiffs.

---

[10] *See Muse v. Vive Fin. LLC*, No. EDCV 25-354-KK-DTBx, 2025 LX 355207, at *11-12 (C.D. Cal. June 5, 2025) (a plaintiff must establish that they would be "subject to 'greater than the usual costs incurred during litigation'" in arbitration with a "detailed showing of the likely costs.") (citations omitted).

[11] *See* https://cand.uscourts.gov/rules-forms-fees/court-fee-schedule (last visited May 5, 2026).

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

COULSON P.C.

Because of these unexpected and prohibitive costs, an ordinary consumer could not possibly make an authentic, informed choice to forego opting out of Adobe's arbitration provision. No reasonable consumer would fork over thousands of dollars in hopes of recovering a $250 fee (*see* ECF 52 at 21:20-22)— such costs were plainly not within consumers' reasonable expectations. *See Sanchez v. Superior Court*, 329 Cal. Rptr. 3d 405, 415 (Cal. App. 4th Dist. 2025). And consumers "could not reasonably foresee that their ability to pursue claims would depend on the identity of their attorney or the number of other claimants represented by their attorney." *Rios*, 807 F. Supp. 3d at 989; ECF 18 at 18:9-18. As a result, the "decision" to forego opting out was anything but an authentic, informed choice.

### D. Adobe Cannot Rebut Plaintiffs' Showing of Oppression.

Adobe offers arguments against finding that the DRP is oppressive, each based upon a provably false premise. *See* ECF 55 at 19:10-20:10. First, Adobe argues that *Heckman* is inapposite because Adobe's TOU do not permit "unilateral, retroactive modification of the terms governing disputes." ECF 55 at 19:18-24. As discussed *supra*, the DRP permits and specifies exactly that, so *Heckman* controls. *See* Sec. III(C)(2). Second, it relies on a "meaningful choice of whether to opt out" that, as addressed in section III(C), is anything but. Finally, it argues that the effect of its opt-outs was not burdensome or illusory, refuted in section III(B). As a result, Adobe fails to offer a single credible response to Plaintiffs' showing of oppression.

### E. Adobe Cannot Rebut Plaintiffs' Showing of Surprise.

Adobe summarily contests surprise, touching only briefly upon the most salient considerations: the language of the TOU and location of the DRP and opt-out provision therein. ECF 55 at 20-22. It points to uncontroversial aspects of most any lengthy, dense set of terms—that they are "presented in sections with bold headers that are linked in a table of contents." ECF 55 at 20:12-13. This does nothing to set it apart from Plaintiffs' relevant authority, wherein the terms were presented similarly.

If anything, *Adobe's terms impose even greater surprise than the terms at issue in Plaintiffs' authority*. Adobe cannot dispute that the provisions are "hidden in a prolix printed form drafted by the party seeking to enforce the disputed term." *See Heckman,* 120 F.4th at 682. It makes no attempt

---

**PLAINTIFFS' REPLY ISO MOTION FOR PARTIAL RECONSIDERATION**

COULSON P.C.

to distinguish *Lim v. TForce Logistics, LLC*, where surprise was found due to the clause's presentation "in the middle of 31 numbered paragraphs, within more than nine pages of single-spaced, 10-point font" and it was not separately initialed. 8 F.4th 992, 1001 (9th Cir. 2021). The TOU are longer than the terms in *Lim* and *Pandolfi*, also with no requirement to sign or initial the arbitration clause. *Id.; Pandolfi v. Aviagames, Inc.,* No. 23-cv-05971-EMC, 2024 LX 180500, at *12-13 (N.D. Cal. Sep. 4, 2024) (16 numbered paragraphs). The opt-out provision is not clearly emphasized in a separate box, as it was in *Rios*. (Ex. 1 to Coulson Reply Decl. at 16). The DRP contains a cost-shifting provision that is far more unconscionable than the lengthy process at issue in *Rios*, since it would deter claims before they were ever initiated. And the TOU's contradictory terms, so confusing that Adobe's learned counsel could not apprehend them, are more confusing than those in *Peters v. Guaranteed Rate, Inc.,* No. 23-cv-05602-VC, 2025 LX 586648, at *3 (N.D. Cal. Nov. 18, 2025) (contradictory terms regarding exceptions and jurisdiction, not retroactivity). Surprise is established here beyond even the cases where it was previously found.

### F.  Adobe's Allegations of Inconsistency Are Meritless.

In alleging that Plaintiffs' positions are internally inconsistent, Adobe conflates two separate concepts: (1) the *issues* deemed to be within the ordinary grant of an arbitrator's jurisdiction and (2) the *language* that constitutes the DRP's "arbitration provision." *See* ECF 55 at 22:13-28. As should be obvious, an issue delegated to an arbitrator does not become part of the language of the arbitration provision itself. Were it otherwise, the "arbitration provision" itself would consist of any issue that could be subject to dispute between the parties. This construction defies credulity.

### CONCLUSION

Plaintiffs are grateful to the Court for the opportunity to seek reconsideration, through which Adobe has revealed a striking inability to rebut any of Plaintiffs' assertions of error. The Court should revise its March 31, 2026 Order to reflect Adobe's complete waiver of arbitration rights, and based on the DRP's procedural unconscionability, proceed to consider its substantive unconscionability.

Respectfully submitted,

Dated: May 8, 2026

s/Nicholas A. Coulson
Nicholas A. Coulson (SBN 358903)

COULSON P.C.

Nick@Coulsonpc.com
Ellyn Gendler (SBN 305604)
EGendler@coulsonpc.com
**COULSON P.C.**
300 River Place Drive
Suite 1700
Detroit, MI 48207
T: (313) 644-2685